MARC M. SELTZER (54534)
FRANCES S. LEWIS (291055)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
mseltzer@susmangodfrey.com
flewis@susmangodfrey.com

JOSEPH S. GRINSTEIN (*pro hac vice*)
JOHN P. LAHAD (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
jgrinstein@susmangodfrey.com
jlahad@susmangodfrey.com

Attorneys for Plaintiff Hemopet

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| HEMOPET,<br><br>            Plaintiff,<br><br>vs.<br><br>NESTLÉ PURINA PETCARE COMPANY,<br><br>            Defendant. | Case No. SACV12-01907 JST (JPRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Jean P. Rosenbluth<br>Courtroom 6A |

1

**WHEREAS**, the parties Hemopet ("Hemopet") and Nestlé Purina Petcare Company ("Nestlé") recognize that information and materials that contain confidential business, technical, scientific, or financial information have been or may be sought, produced, or exhibited by or among the parties and/or sought from third parties (persons or entities not named as parties in the captioned matter); and

**WHEREAS**, the parties wish to maintain and protect the confidentiality of such information and materials and restrict access to and disclosure of such information and materials;

**IT IS STIPULATED AND AGREED** by the parties and their undersigned attorneys, and **IT IS HEREBY ORDERED THAT:**

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

2.1   <u>Party:</u>  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel, and all support staff thereof.

2.2   <u>Disclosure or Discovery Material:</u>  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery requests in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items:</u>  Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure ("FRCP") 26(c) (*e.g.*, proprietary business or technical documents).

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u>  Extremely sensitive "CONFIDENTIAL" Information or Items whose disclosure to another Party or non-party would create a risk of injury to the competitive position of the Producing Party that cannot be avoided by less restrictive means.

2.5 <u>Receiving Party:</u>  A Party or non-party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.6 <u>Producing Party:</u>  A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party:</u> A Party or non-party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 <u>Protected Material:</u>  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9 <u>Outside Counsel:</u>  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.  Outside Counsel does not include any Counsel (including support personnel, technical advisors, paralegals, consultants, legal secretaries, and legal clerks) involved in any patent prosecution for any Party to this action.

2.10 <u>In-House Counsel:</u>  Attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier):</u> Outside Counsel or In-House Counsel and all support staff thereof.

2.12 <u>Expert:</u>   A person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or a competitor of a Party's and who, at the time of retention, does not anticipate becoming an employee of a Party or a competitor of a Party. Nothing in this order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.13 <u>Professional Vendors:</u>   Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; jury consulting; mock trial coordination) and their employees and subcontractors (including, but not limited to, mock jurors).

**3.   <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by a Party or Counsel in settings that might reveal Protected Material.  The provisions of this Protective Order shall not apply to trial or other proceedings.  The Parties will take up with the Court at the appropriate time how Protected Material will be handled in court proceedings.  Protected Material in court filings will be governed by Local Rule 79-5.

**4.   <u>DURATION</u>**

4.1   Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees or a court order directs otherwise.

4.2   This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal

representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, and all other persons or organizations over which the Parties have control, to the full extent allowed by law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Manner and Timing of Designations:</u> Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>For information in documentary form:</u> (apart from transcripts of depositions or other pretrial or trial proceedings): That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.

(b)     <u>For testimony given in deposition:</u> That the Party or non-party offering or sponsoring the testimony identify within thirty (30) days after the final transcript for the deposition becomes available, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.   For deposition transcripts, the Party or non-party may identify the entirety of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the Parties or affected non-parties may re-visit at a later time under the procedure contemplated herein for challenging designations whether the entirety versus portions (or any) of the transcript merits such designation.   Only those portions of deposition transcripts that qualify as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be so designated.

(c)     <u>For information produced in some form other than documentary, and for any other tangible items:</u>  That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.2    <u>Inadvertent Failure to Designate:</u>  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such

material.   If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges:</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer:</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must begin the process by conferring directly with Counsel for the Designating Party, in accordance with Local Rule 37-1, in an effort to eliminate as many of the disputes as possible.  In conferring, the challenging Party must identify the designated material, must explain the basis for its belief that the confidentiality designation is improper, and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if the Designating Party chooses not to offer a change in designation, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention:</u>  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party (as described in the preceding paragraph) may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The motion shall conform to the requirements of Local Rule 37-2,

including the Joint Stipulation provisions of Local Rules 37-2.1 to 37-2.4.   In opposing such motion, the burden shall be on the Designating Party to justify its asserted confidentiality designation.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles:</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this action only for prosecuting defending, or attempting to settle this action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When this action has been terminated, a Receiving Party must comply with the provisions of Section 10 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access to the Protected Material is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items:</u>   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)   The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is

reasonably necessary to conduct this action and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (attached hereto as Exhibit A);

(c)    Experts (as defined in Section 2.12, above) of the Receiving Party as well as employees of said Experts to whom disclosure is reasonably necessary to conduct this action and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) (by executing Exhibit A, an Expert acknowledges the obligation on behalf of all employees of the Expert to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(d)    The Court and its personnel;

(e)    Professional Vendors to whom disclosure is reasonably necessary to conduct this action, except for mock jurors who have not signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(f)    During depositions, an author or recipient of the document (whether noted explicitly on the document, or justifiably assumed based on evidence of the witness's roles and responsibilities at the producing party); and

(g)    During deposition, current employees of the Producing Party that produced the documents or information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information may not be disclosed to anyone except as permitted under this Order.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)    Experts (as defined in Section 2.12, above) of the Receiving Party as well as employees of said Experts (1) to whom disclosure is reasonably necessary to conduct this action and (2) who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) (by executing Exhibit A, an Expert acknowledges the obligation on behalf of all employees of the Expert to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(c)    The Court and its personnel;

(d)    Professional Vendors to whom disclosure is reasonably necessary to conduct this action;

(e)    During depositions, an author or recipient of the document (whether noted explicitly on the document, or justifiably

10

assumed based on evidence of the witness's roles and responsibilities at the producing party); and

(f) During depositions, current employees of the Producing Party that produced the documents or information.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporters and may not be disclosed to anyone except as permitted under this Order.

7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY" Information or Items to Experts:

(a) A Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must notify, in writing (including via email), the Designating Party of its intent to make such a disclosure.  The notification shall include a copy of the Expert's current *curriculum vitae* and must identify:

(1) The full name of the Expert and the city and state of the Expert's primary residence;

(2) The Expert's education and employment for at least the past four (4) years;

(3) The Expert's publications for the last ten (10) years;

(4) Any legal action (by name and number of the case, filing date, and court) in connection with which the Expert testified at trial or by deposition during the preceding four (4) years.

The Party that seeks to make such disclosure to an expert of any information or item that has been designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not identify to the Designating Party said information or item to be disclosed.

    (b)    A Party that provides the notice described in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) business days of delivering the notice, the Party receives an objection to the disclosure, in writing (including via email), from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

    (c)    A Party that receives a timely written objection as described in the preceding paragraph must meet and confer with the Designating Party pursuant to Local Rule 37-1 in an effort to eliminate as many of the disputes as possible.–If no agreement is reached within ten (10) business days of service of the objection, the Designating Party has ten (10) business days to file an appropriate motion as provided in C.D. Cal. Local Rule 37-2(and in compliance with Local Rule 79-5, if applicable) identifying the grounds for its objection.  The motion shall conform to the requirements of Local Rule 37-2, including the Joint Stipulation provisions of Local Rules 37-2.1 to 37-2.4  , and:

    (1)    Describe the circumstances with specificity;

    (2)    Set forth in detail the reasons for which the disclosure to the Expert is not reasonably necessary;

    (3)    Assess the risk of harm that the disclosure would entail; and

    (4)    Suggest any additional means that might be used to reduce that risk.

If such a motion is filed, disclosure shall not be made until and unless this Court orders disclosure.  If no objection is raised by the Designating Party or no motion is filed within the deadlines provided in this paragraph, any objection under this paragraph shall be deemed waived, and the Receiving Party shall be allowed to disclose Confidential and/or Highly Confidential information to the identified expert and his/her staff.

**8.    Special Procedures For Handling Source Code Productions.**

8.1    For purposes of this Protective Order, the term "source code" shall include human and machine readable program codes, object and executable code and software, as well as configuration files, manifest files, build files, database schema files, and any other scripts or files necessary to design, develop, build, test, deploy, or operate any of the aforementioned items.

8.2    Given the particularly sensitive nature of source code, additional protections for source code are warranted.  In the event a party making a disclosure produces source code (which may or may not be discoverable in this matter), the provisions governing HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials and the following additional provisions shall govern such disclosure:

(a)    The Producing Party shall make source code disclosures available in electronically searchable form, in their native format and maintaining the folder structure in which such files are maintained in the ordinary course of business whenever feasible, for review on a host computer. To the extent any Nestlé source code is produced, Nestlé will make such source code available for inspection on a host computer at the St. Louis or Los Angeles Office of  Bryan Cave LLP.  To the extent any Hemopet source code is produced, Hemopet will make such source code available for inspection on a host computer at the Houston or Los Angeles Office of  Susman Godfrey L.L.P.

13

(b)  Only those persons qualified to receive HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information under ¶ 7.3 above shall be permitted access to source code disclosures.

(c)  The host computer shall be made available during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request.

(d)  The host computer shall be equipped to store print requests in a print folder, and shall also be connected to a printer.  The Receiving Party may request hard paper copies of desired portions of the source code by placing corresponding print requests in the print folder.  In this event, the Producing Party shall print out the requested hard paper copies, apply Bates production numbers to them, and then provide them to the Receiving Party within five business days of the review session.  Alternatively, the Receiving Party may itself print out hard paper copies of desired portions of the source code on the connected printer.  Under these circumstances, the Discovering Party shall provide the printouts to the Producing Party who will apply Bates production numbers to them, and then return them to the Discovering Party within five business days.  All printouts of the source code shall be labeled "HIGHLY CONFIDENTIAL-SOURCE CODE" and should also list the full path and filename of the file printed, provided the host computer is set up with the necessary tools for printing that information.

(e)  The Receiving Party shall not print more than twenty (20) consecutive pages of source code from any one file and no more than one thousand (1,000) pages of source code in the aggregate without prior approval of the producing party, which approval shall not be unreasonably withheld.

(f)     Counsel for the Receiving Party may make working paper copies of source code produced by the Producing Party; however, no electronic copies of any portion of the source code may be made.

(g)     Counsel for the Receiving Party shall keep a log of the number of working paper copies of the source code, when the copies were made, to whom they were provided, and when they were provided.  At the conclusion of the litigation, counsel for the Receiving Party must provide to counsel for the Producing Party the log and all paper copies of the source code. In addition, all persons to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel that provided them the information.

(h)     Counsel for the Receiving Party that requests a review of source code must give at least three (3) business days notice to counsel for the Producing Party that it will be sending specified individuals authorized under ¶ 7.3 to review the source code made available on the host computer, except that prior to the first review, counsel for the Receiving Party must give at least ten (10) business days notice to counsel for the Producing Party.

(i)     Counsel for the Receiving Party may request that the Producing Party's source code be made available at the deposition of consultants, experts, and up to two employees authorized to review the source code under ¶ 7.3 by giving counsel for the Producing Party at least five (5) business days notice of such before the deposition.  Counsel for the Producing Party shall then make a host computer containing its source code available at the deposition.

(j)     For the purpose of taking notes only, persons granted access to source code shall be entitled to take a personal laptop computer without a

camera or any camera disabled, and that is not connected to any wired or wireless network; however, any input/output device (e.g., USB memory stick, CDs, floppy disks, portable hard drive, or any other photographic, recording, or storage device of any kind, separate from the personal laptop computer, is prohibited while accessing the computer(s) containing the source code. No means capable of connecting computers, recordable media, or recordable devices to the host computer shall be permitted into the area and no computers or input/output devices of any kind may be used to duplicate or re-write any portions of the source code.  Under no circumstances shall the notes described herein be used to manually copy or transcribe any portion of the source code.

**9.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action. A Party that seeks to file any Protected Material under seal must comply with C.D. Cal. Local Rule 79-5.

**10.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding the preceding paragraph, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts or other exhibits which have been filed with the Court in this case, even if such filed materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 11. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

11.1  If a Receiving Party is served with a subpoena or an order issued in other action that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

11.2  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other action that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party that caused the subpoena or order to issue in the other action.

11.3  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court.

11.4   Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing, of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) to execute the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections:</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**14.   INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

If any Party, through inadvertence, produces any Disclosure or Discovery Material information that it believes is immune from discovery pursuant to any claim of privilege (*e.g.,* the attorney-client privilege or work doctrine privilege), the Producing Party may give written notice to the Receiving Party that such Disclosure and Discovery Material is deemed privileged and that return of such Disclosure and Discovery Material is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of

such Disclosure and Discovery Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party. The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived.  However, the inadvertent production of privileged or otherwise protected Disclosure or Discovery Material in this case shall not be deemed—and the Parties expressly waive their rights to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the Disclosure or Discovery Material information.

**15.**    **DISCLOSURE OF INDIVIDUALS WHO HAVE SIGNED EXHIBIT A**

With the exception of the disclosures set forth in Paragraph 7.4, the individuals that have signed Exhibit A do not need to be identified to the Producing Party.  Nevertheless, if at any point during or after the litigation a Producing Party has good cause (including but not limited to reasonable suspicion that its CONFIDENTIAL or HIGHLY CONFIDENTIAL information has been mishandled), the Producing Party can request additional information regarding who has signed Exhibit A and what CONFIDENTIAL or HIGHLY CONFIDENTIAL information has been disclosed to them.  If the non-Producing Party receives such a request, it will promptly provide the information requested regarding the disclosure to the Producing Party.

**PURSUANT TO THE STIPULATION IT IS SO ORDERED.**

Dated:  September 16, 2013

Jean P. Rosenbluth
UNITED STATES MAGISTRATE JUDGE

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 11, 2013

MARC M. SELTZER
JOSEPH S. GRINSTEIN
JOHN P. LAHAD
FRANCES S. LEWIS
SUSMAN GODFREY L.L.P.

By: */s/ John P. Lahad*
    John P. Lahad
    Attorneys for Plaintiff Hemopet

Dated:   September 11, 2013

ROBERT G. LANCASTER
KRISTY A. MURPHY
DAVID A. ROODMAN
BENJAMIN J. SODEY
BRYAN CAVE LLP

By: */s/ Robert G. Lancaster*
    Robert G. Lancaster
    Attorneys for Defendant  Nestlé Purina
    Petcare Company

## **EXHIBIT A**

I, _____, declare that:

1.　　　My address is _____ _____.

2.　　　My present employer is _____.

3.　　　My present occupation or job description is _____

_____

4.　　　I have received a copy of the Stipulated Protective Order ("Order") in the above-captioned case.

5.　　　I have carefully read and understand the provisions of the Order.

6.　　　I will comply with all of the provisions of the Order.

7.　　　I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action any confidential materials which are disclosed to me pursuant to the Order.

8.　　　I will return all confidential material that comes into my possession to counsel for the party by whom I am employed or retained when so directed or at the conclusion of this action, whichever is earlier.

9.　　　I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Order in this action.

10.　　I hereby appoint _____ of _____ as my California agent for service of process in connection with the above-captioned action or any proceedings related to enforcement of this Order.

DATED:

　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　(Signature)

　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　(Printed name)

1